HOLLAND & KNIGHT LLP
Qian (Sheila) Shen, SBN 332048
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel.: 213.896.2400
Fax: 213.896.2450
Email: qian.shen@hklaw.com

Attorneys for Defendant,
Orient Overseas Container Line Limited

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RLI INSURANCE COMPANY a/s/o Seafood Doctor, Inc., and SEAFOOD DOCTOR, INC., <br><br> Plaintiffs, <br><br> -v- <br><br> HARVEST KING TRADING USA, LIMITED, COASTAL CORPORATION, LTD., and ORIENT OVERSEAS CONTAINER LINE LIMITED, <br><br> Defendants. | Case No.: 2:22-CV-03173 <br><br> **DEFENDANT OOCL'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND CROSSCLAIM** |

# DEFENDANT OOCL'S ANSWER AND

# AFFIRMATIVE DEFENSES TO THE COMPLAINT

Comes now, Defendant Orient Overseas Container Line Limited ("OOCL" or "Defendant"), by and through its attorneys, Holland & Knight LLP, and answers the Complaint ("Complaint") of RLI Insurance Company, Inc. ("RLI"), and Seafood Doctor, Inc. ("Seafood") (RLI and Seafood collectively "Plaintiffs"). To the extent not specifically admitted herein, the allegations of the Complaint are denied.

# ANSWER TO THE COMPLAINT

OOCL answers the specific allegations in Plaintiffs' Complaint as follows:

1. The allegations contained in Paragraph 1 of the Complaint state legal conclusions and thus no response is required of OOCL.

# PARTIES

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12. Admits that Harvest King absconded with the Cargo upon its arrival at the Port of Los Angeles, but except as so admitted demies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13. Admits the allegations in Paragraph 13 of the Complaint.

14. Admits the allegations in Paragraph 14 of the Complaint.

## JURISDICTION AND VENUE

15. The allegations contained in Paragraph 15 of the Complaint state legal conclusions and thus no response is required of OOCL.

16. Admits the allegations in Paragraph 16 of the Complaint.

17. Admits the allegations in Paragraph 17 of the Complaint.

## BACKGROUND

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. Admits the allegations in Paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

DEFENDANT OOCL'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT AND CROSSCLAIM

22. Admits that OOCL accepted the Cargo at the Port of Visakhapatnam, agreed to carry it to the Port of Los Angeles, and issued the Bill of Lading, which listed Harvest King as consignee of the Cargo, to cover the subject shipment, but accept as so admitted, denies the remainder of the allegations in Paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint.

29. Admits the allegations in Paragraph 29 of the Complaint.

30. Admits the allegations in Paragraph 30 of the Complaint.

31. The allegations contained in Paragraph 31 of the Complaint state legal conclusions and thus no response is required of OOCL.

32. Denies the allegations in Paragraph 32 of the Complaint.

33. Admits that OOCL sent arrival notice to Seafood indicating that the Cargo was ready for pick up, but except as so admitted, denies the remainder of the allegations in Paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint.

35. Admits the allegations in Paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint.

## FIRST CAUSE OF ACTION AGAINST HARVEST KING: CIVIL THEFT UNDER CALIFORNIA PENAL CODE § 496(C)

43. OOCL repeats and realleges every admission, denial and denial of knowledge and information set forth in Paragraphs 1-42 of the Complaint as if set forth herein at length.

44. In answer to Paragraph 44 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

45. In answer to Paragraph 45 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

46. In answer to Paragraph 46 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

47. In answer to Paragraph 47 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

DEFENDANT OOCL'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT AND CROSSCLAIM

48. In answer to Paragraph 48 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

49. In answer to Paragraph 49 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

50. In answer to Paragraph 50 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

51. In answer to Paragraph 51 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

52. In answer to Paragraph 52 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

53. In answer to Paragraph 53 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

54. In answer to Paragraph 54 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

## SECOND CAUSE OF ACTION AGAINST HARVEST KING: CONVERSION

55. OOCL repeats and realleges every admission, denial and denial of knowledge and information set forth in Paragraphs 1-54 of the Complaint as if set forth herein at length.

56. In answer to Paragraph 56 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

57. In answer to Paragraph 57 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

58. In answer to Paragraph 58 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

59. In answer to Paragraph 59 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

## FIRST CAUSE OF ACTION AGAINST COASTAL:
## BREACH OF CONTRACT

60. OOCL repeats and realleges every admission, denial and denial of knowledge and information set forth in Paragraphs 1-59 of the Complaint as if set forth herein at length.

61. In answer to Paragraph 61 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

62. In answer to Paragraph 62 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

63. In answer to Paragraph 63 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

64. In answer to Paragraph 64 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

65. In answer to Paragraph 65 of the Complaint, said cause of action is not against OOCL, and therefore no response is required.

## FIRST CAUSE OF ACTION AGAINST OOCL:
## BREACH OF CONTRACT OF OCEAN CARRIAGE

66. OOCL repeats and realleges every admission, denial and denial of knowledge and information set forth in Paragraphs 1-65 of the Complaint as if set forth herein at length.

67. The allegations contained in Paragraph 67 of the Complaint state legal conclusions and thus no response is required of OOCL.

68. Denies the allegations in Paragraph 68 of the Complaint

69. Denies the allegations in Paragraph 69 of the Complaint.

70. Denies Plaintiffs are entitled to any of the relief demanded in the prayer for relief, specifically the WHEREFORE Paragraph in the Complaint.

## AFFIRMATIVE DEFENSES TO THE COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

71. The Complaint fails to state a cause of action against Defendant for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

72. Plaintiffs' claims are subject to statutory cargo limitations.

### THIRD AFFIRMATIVE DEFENSE

73. Any claim for damages is subject to limitation of liability under the Carriage of Goods by Sea Act (COGSA), or any other national or local law permitting OOCL to limit liability.

### FOURTH AFFIRMATIVE DEFENSE

74. Plaintiffs' Complaint, and each cause of action alleged therein, is barred because Defendant acted reasonably and in good faith at all times based upon all relevant facts and circumstances known by OOCL at the time it acted.

### FIFTH AFFIRMATIVE DEFENSE

75. Plaintiffs' Complaint, and each cause of action alleged therein, is barred by the terms, conditions, definitions, exclusions, limitations and/or endorsements contained in all applicable written contracts.

### SIXTH AFFIRMATIVE DEFENSE

76. Plaintiffs' Complaint, and each Cause of action alleged therein, is barred because Plaintiffs failed to comply with all terms and conditions of the contract(s) on which the action is based.

### SEVENTH AFFIRMATIVE DEFENSE

77. Without exclusion of any and all other defenses, privileges, immunities, and limitations to which defendant may be entitled, defendant pleads specifically the "Q" clause of COGSA, 46 U.S.C.A. § 30701 § 4(2)(q), that exonerates defendant from the consequences of any loss of the CARGO, which may be proven in the circumstances of this case.

### EIGHTH AFFIRMATIVE DEFENSE

78. Plaintiffs' claims are subject to this Court's admiralty jurisdiction under which there is not right to jury trial.

### NINTH AFFIRMATIVE DEFENSE

79. Defendant intends to add and rely on such other and further defenses as may become apparent or available during the discovery of this action, and reserves the right to amend its Answer to Plaintiffs' Complaint and/or to assert any such defenses in the future.

### CROSSCLAIM AGAINST HARVEST KING

Crossclaim plaintiff Orient Overseas Container Line Ltd. ("OOCL" or "Plaintiff"), through undersigned counsel, for its Crossclaim against Harvest King Trading USA, Limited ("Harvest King" of "Defendant") alleges as follows:

### JURISDICTION

80. This Court has jurisdiction over the subject matter of this action because OOCL's claims arise under federal law, and the transportation of the property at issue constitutes transportation in interstate commerce under 49 U.S.C. § 13102(14) and (23) as well as 49 U.S.C. § 13501(1). Thus, this action arises under the Court's federal question jurisdiction (28 U.S.C. § 1331 and 49 U.S.C. § 14706) and/or supplemental jurisdiction (28 U.S.C. § 1367).

81. This Court also has jurisdiction over this action, pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure since this case is governed, in whole or in part, by the Carriage of Goods by Sea Act, 46 U.S.C. § 30701, et sew. ("COGSA"). This case is also, alternatively, governed in part, by the Carmack Amendment to the Interstate Commerce Act 49 U.S.C. § 14706 (the "Carmack Amendment"), because it concerns goods lost or damaged by a motor carrier during the interstate shipment of goods.

82. Because this action is, alternatively, governed, in part, by the Carmack Amendment, and the matter in controversy exceeds $10,000.00, exclusive of interest

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

and costs, this Court has original jurisdiction over the claims under 28 U.S.C. § 1337(a).

83. This Court also has subject matter jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1332 because this is an action between parties of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

84. Defendant is subject to the personal jurisdiction of this Court by virtue of transacting business with and through this District.

85. Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b) because Defendant resides in the District, transacts business within and/or through this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

86. Plaintiff Orient Container Line Ltd. was and is a foreign company organized and existing under the laws of Hong Kong with its principle place of business located at 31/F, Harbour Center Road, Wanchai Hong Kong. Orient Container Line Ltd. is engaged in business as a common carrier of merchandise by water for hire.

87. Upon information and belief, Defendant Harvest King was and is a California corporation with an office for the transaction of business at 725 West Duarte Road, #1581, Arcadia, California 91077. Harvest King is a foodstuffs importer and distributor, which operates in, about, and through this District.

## FACTUAL ALLEGATIONS

88. On or about July 21, 2021, container OTPU6126764 ("Container"), said to contain a cargo of 3500 Master Cartons of Raw Peeled & Deveined Tailoff Vannamei IQF Shrimps ("Cargo"), was received by OOCL at the Port of Visakhapatnam, India for shipment to Los Angeles, USA.

89. OOCL transported the Container from the Port of Visakhapatnam, India to Los Angeles, USA under Bill of Lading No. OOLU2674887940, dated July 27, 2021 ("Bill of Lading")

90. Coastal Corporation Ltd. ("Coastal") was the Shipper for the subject Container of Cargo for which OOCL issued the Bill of Lading and Harvest King was named as the consignee.

91. Upon information and belief, Coastal issued to Harvest King all necessary documents associated with the Cargo's purchase and shipment, including a Purchase Order, Commercial Invoice, Packing List, Certificate of Origin, and U.S. Department of State Shrimp Exporter's/Importer's Declaration, each of which listed Harvest King as consignee of the Cargo.

92. On or about September 9, 2021, Coastal contacted OOCL and requested that the consignee on the Bill of Lading be changed from Harvest King to Seafood Doctor Inc. ("Seafood Doctor"), due to a payment issue with Harvest King.

93. On or about September 22, 2021, OOCL sent Coastal a revised Bill of Lading removing Harvest King and adding Seafood Doctor as consignee.

94. Upon information and belief, Coastal issued to Seafood Doctor all necessary documents associated with the Cargo's purchase and shipment, including a Purchase Order, Commercial Invoice, Packing List, Certificate of Origin, and U.S. Department of State Shrimp Exporter's/Importer's Declaration, each of which listed Seafood Doctor as consignee of the Cargo.

95. On or about October 4, 2021 Harvest King contacted OOCL stating that they were the consignee on the subject Bill of Lading and requesting that they be provided with the arrival notice for the subject Container.

96. On or about October 4, 2021, OOCL responded to Harvest King by stating, "Unfortunately you are not listed on the B/L, please reach out to consignee for required information."

97. Subsequently, on or about October 4, 2021, Harvest King again reached out to OOCL asking for OOCL to check again. OOCL once again responded by notifying Harvest King that Coastal had amended the Consignee on the subject bill of lading and directed Harvest King to contact shipper directly.

98. On or about October 1, 2021, the Container arrived at Los Angeles and was cleared by customs. On or about October 7, 2021, the subject Container was cleared for pickup by Seafood Doctor.

99. On or about October 11, 2021, the subject Container was picked up by a trucker on behalf of Harvest King, despite Harvest King having been informed by OOCL on at least two occasions that they were no longer named as the Consignee under the Subject Bill of Lading and were therefore not authorized to pick-up the subject Cargo.

100. Consequently, OOCL is entitled to recover damages from Harvest King in an amount to be proven at trial.

## FIRST CAUSE OF ACTION

## FRAUD

101. OOCL repeats and realleges each and every allegation set forth in the proceeding paragraphs as if fully set forth herein.

102. Harvest King, directly or through its employees, agents, or independent contractors, knowingly misrepresented its status as consignee of the subject Cargo and its rights to take possession of same.

103. Harvest King's misrepresentations were fraudulent because Harvest King knew, at the time of its representations, that the shipping documents presented to OOCL to take possession of the subject Cargo were invalid.

104. OOCL justifiably relied upon Harvest King's misrepresentations.

105. As a direct and proximate cause of Harvest King's misrepresentations, OOCL released the subject Cargo to Harvest King.

106. Consequently, OOCL is entitled to recover damages from Harvest King in an amount to be proven at trial, consisting of among other things, damages not recoverable by Seafood Doctor from Harvest King.

## PRAYER FOR RELIEF

WHEREFORE, OOCL respectfully requests:

a. The claims and causes of action set forth in the Complaint by Plaintiffs against OOCL be denied with prejudice and that judgment be entered in favor of OOCL;

b. On the Crossclaim, awarding OOCL actual, statutory and compensatory damages against Harvest King as proven at trial, including on and for the **FIRST CAUSE OF ACTION** (fraud) punitive damages, as may be finally determined by this Court together with interest, attorneys' fees, and costs; and,

c. For such other and further relief as the Court my deem just and proper.

Respectfully submitted,

DATED: August 9, 2022        HOLLAND & KNIGHT LLP

By: /s/ Qian Shen
　　　　　Qian Shen

Attorneys for Defendant,
Orient Overseas Container Line Limited

13
DEFENDANT OOCL'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT AND CROSSCLAIM

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

## **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 South Hope Street, 8th Floor, Los Angeles, California 90071.

I caused to be served the foregoing document(s) as follows: **DEFENDANT OOCL'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND CROSSCLAIM.**

**[X] (BY Electronic Transfer to the CM/ECF System)** In accordance with Federal Rules of Civil Procedure 5(d) (3), Local Rule 5-4, and the U.S. District Court of the Central District's General Order governing electronic filing, I uploaded via electronic transfer a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above-listed documents to the United States District Court Central District of California' Case Management and Electronic Case Filing (CM/ECF) system on this date. It is my understanding that by transmitting these documents to the CM/ECF system, they will be served on all parties of record according to the preferences chosen by those parties within the CM/ECF system. The transmission was reported as complete and without error.

**[ ] E-MAIL:** Based on an agreement of the parties to accept service by e-mail, I caused the document(s) to be sent to the person(s) at the e-mail address(es) indicated below.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 9, 2022 at Los Angeles, California.

                                                */s/ Qian Shen*
                                                Qian Shen